UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

FRANKLIN HIGGINBOTHAM,

    Plaintiff,

v.                                                     Case No.  5:20-cv-97-RV/MJF

MARK INCH, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The undersigned recommends that this action be dismissed for maliciousness, pursuant to 28 U.S.C. § 1915A(b)(1), for Plaintiff's abuse of the judicial process in failing to disclose his litigation history.[1]

**I.**     **Background**

Plaintiff, Franklin Higginbotham, DC # 123549, is an inmate of the Florida Department of Corrections ("FDC"). He commenced this action pursuant to 42 U.S.C. § 1983 against two Defendants in their official capacity: Mark Inch and S. Hosseini. (Doc. 1). He alleges the Defendants violated his Eighth Amendment right

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

to be free from cruel and unusual punishments. For relief, Plaintiff seeks five million dollars.

## II.     Discussion

### A.     Screening for Maliciousness

The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (analogous screening provision of *in forma pauperis* statute).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir.

1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of prisoner-plaintiff's case for abuse of the judicial process under 28 U.S.C. § 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same).

### B.  Higginbotham's Disclosures

Section VIII of the complaint form utilized by Higginbotham seeks information regarding Higginbotham's prior litigation in state and federal courts. The complaint form advises that "***Failure to disclose all prior cases may result in the dismissal of this case***." (Doc. 1 at 11). On page 9 of the complaint form, Question A asks, "Have you had any case dismissed for a reason listed in § 1915(g) which counts as a 'strike.'" (*Id.* at 9). Higginbotham marked no and did not disclose any cases. (*Id.*).

On page 9 of the complaint form, Question B asks, "Have you filed other lawsuits in either ***state or federal court*** dealing with the same facts or issues involved in this case?" (*Id.*). Higginbotham marked "no" and did not disclose any cases. (*Id.*).

On page 10 of the complaint form, Question C asks, "Have you filed any other lawsuits in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?" (Doc. 1 at 10). Plaintiff marked "no" and did not disclose any cases. *Id.*

At the end of the civil rights complaint form, Higginbotham signed his name after the following statement: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." (*Id.* at 10-11). Thus, Higginbotham has in effect stated that at the time he filed his complaint he had not initiated any other action in federal court that had either challenged his conviction or was otherwise related to conditions of his confinement.

### C. Higginbotham's Omission

The court takes judicial notice that at the time Higginbotham filed his complaint in this case, he had initiated a habeas action in the United States District Court for the Middle District of Florida that he should have disclosed in response to Question C: *Higginbotham v. Moore*, 8:00-cv-02524-JDW (M.D. Fla. petition denied on Dec. 24, 2002). This case can be identified as Higginbotham's because it bears his Department of Correction inmate number, "123594." He did not disclose this federal habeas action in his complaint. Plaintiff's omission, therefore, violated his duty of candor to this court.

### D. <u>Materiality of Higginbotham's Omissions</u>

Information regarding a plaintiff's litigation history is useful to courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion

to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions. Here, Higginbotham falsely responded to questions on the complaint form as detailed above. Higginbotham knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "**Failure to disclose all prior cases may result in the dismissal of this case**." (Doc. 1 at 11).

A penalty is warranted both to deter the Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints

in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### E.   The Appropriate Sanction is Dismissal Without Prejudice

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Higginbotham's false responses to go unpunished. If Higginbotham suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. An appropriate sanction for Higginbotham's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.[2] *See Rivera*, 144 F.3d at 731; *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to

---

[2] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). Generally, the statute of limitations for claims under § 1983 of the type alleged by the Plaintiff is four years. *Id.* ("The statute of limitations for § 1983 claims is governed by the forum state's residual personal injury statute of limitations, which in Florida is four years."). Plaintiff alleges the incidents in his complaint occurred between July 2018 and September 2018. Thus, the statute of limitations would not bar Plaintiff from refiling this action.

accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would equate to overlooking his mendacity and abuse of the judicial process, because that course of action would entail no penalty. *See Hood*, 197 F. App'x at 819. Insofar as Plaintiff is already incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to the Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) for maliciousness and abuse of the judicial process.

2. The clerk of the court be directed to enter judgment accordingly and close this case.

At Panama City, Florida this <u>14th</u> day of May, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.